# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM JONES, IV, ET AL | CIVIL ACTION |
| VERSUS | NO: 19-4312 C/W 19-4332 |
| DAIMLER TRUCKS NORTH AMERICA, LLC, ET AL | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motion to Remand** filed by plaintiffs, William "Bill" Jones, IV, Engelique Jones, and the Succession of Connie Marable (Rec. Doc. 7), and the **Motion to Remand** filed by plaintiff, Wayne Marable (Rec. Doc. 9), are **GRANTED**, and these consolidated matters are hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

## BACKGROUND

Plaintiffs in these two consolidated cases are the adult children and spouse of Connie Marable, who died on March 23, 2018. Plaintiffs have asserted wrongful death claims against defendants, alleging, <u>inter alia</u>, that Connie Marable's death was the result of injuries she sustained in May 2012.

In early May of 2012, Wayne Marable drove his 2007 Freightliner Columbia ("tractor") to the parking lot of the Lowe's Home Improvement in New Orleans East where he parked it when not in use. On or about May 14, 2012, Wayne and his wife, Connie Marable ("decedent"), drove to the Lowe's parking lot where the tractor was parked. After arriving at the parking lot,

Wayne Marable started the engine of the tractor after ensuring the brake was engaged. He then began a pre-trip inspection of the tractor and began loading his personal items. Suddenly, with no one in the cab, the tractor started moving forward. Connie Marable ran toward the tractor in an attempt to turn the engine off. She fell and was struck and dragged by the tractor, and when it came to rest, she was pinned to the ground with the tractor on top of her.

The following factual allegations form the basis of the claim against the First Responder defendants. Wayne Marable called 911, and the dispatcher instructed him not to remove the tractor from its position on top of Connie Marable. Wayne Marable further alleges the dispatcher did not facilitate a prompt and speedy arrival of the EMS crew, so that the tractor sat on her for an extended period of time. He further claims that after arrival at the site, the EMS crew left Connie Marable under the vehicle for another four minutes until the New Orleans Fire Department arrived.

Connie Marable sustained severe and permanently disabling injuries as a result of the accident, including an anoxic brain injury. After years in a minimally conscious state, she died on March 23, 2018. Prior to her death, Connie Marable filed a state law negligence lawsuit against Daimler Trucks North America ("DTNA"), Empire Truck Sales of Louisiana and its general manager, Curtis Wayne Hudspeth; KLLM Transport Services, LLC; and her husband, Wayne Marable. She did not sue the City of New Orleans 911 Services and EMS, Fire Department, or Charles Canan (collectively, "First Responders"), who are named in the present suits. At the trial in April of 2016, DTNA and Wayne Marable were found liable to Connie Marable, 90% and 10%, respectively. The verdict was affirmed on appeal and became final after

2

November 13, 2017, when the Supreme Court of Louisiana denied writs.

Following her death, Connie Marable's adult children, William "Bill" Jones, IV and Engelique Jones, and her husband, Wayne Marable, filed the instant wrongful death suits in state court against DTNA and the First Responders. The suits were removed to federal court premised on diversity jurisdiction, based on DTNA's assertion that the non-diverse defendants, the First Responders, were improperly joined, because there is no possibility that the plaintiffs can recover against them because liability had previously been adjudicated in state court when the jury allocated fault 90% to DTNA and 10% to Wayne Marable. In contrast, plaintiffs have moved to remand, arguing that the claims against the First Responders have not been adjudicated, and thus the judgment in Connie Marable's suit apportioning liability solely to DTNA and Wayne Marable has no preclusive effect.

## DISCUSSION

*Remand Standard*

"If at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal

jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

*Improper joinder*

DTNA removed this action alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different states. Defendants contend that plaintiffs Wayne Marable and William "Bill" Jones, IV are Louisiana citizens, and that DTNA, the sole properly joined defendant, is not. DTNA argues that the non-diverse defendants, the First Responders, are not properly joined and thus cannot defeat diversity subject matter jurisdiction.

Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the allegedly improperly joined parties in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The United States Court of Appeals for the Fifth Circuit has stated:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Id.

*Arguments of the parties*

DTNA contends that the First Responders' citizenship should be disregarded because there is no reasonable basis for this court to predict that plaintiffs might be able to recover against the First Responders. Specifically, DTNA argues that because the liability for the alleged injuries has already been litigated and was apportioned 90% to DTNA and 10% to Wayne Marable, the First Responders have been exonerated from fault by the prior judgment, and thus this court cannot hold the First Responders liable for damages.[1]

Plaintiffs counter that because the instant wrongful death suit is an entirely different, non-derivative cause of action that could not have been brought prior to Connie Marable's death, the prior determination of fault has no preclusive effect, and they may pursue their claims against the First Responders, who are properly joined defendants.

*Analysis*

At issue in this case is whether the prior judgment entered in Connie Marable's personal injury suit exonerated the First Responders from future liability in subsequent suits for different claims brought by different plaintiffs, but based on the same tort.

---

[1] Notably, although not before the court, the interpretation advocated by defendants suggests that the prior finding of 90% liability to DTNA is binding in subsequent litigation. The court notes, however, that DTNA is unwilling to stipulate to 90% liability in the instant case. Thus, while arguing that plaintiffs are bound by article 2323 to a finding of no liability on the part of the First Responders by the prior judgment, at the same time, DTNA appears to maintain that it is <u>not</u> bound to 90% liability imposed by the prior judgment (which was actually litigated and apportioned by the jury).

*1. Article 2323 does not result in the exoneration of the First Responders.*

Defendants contend that although the First Responders were not parties to Connie Marable's suit, the effect of Louisiana Civil Code article 2323 is that the First Responders were exonerated from liability arising from the tort. Defendants suggest that although the jury did not quantify the fault of the First Responders, Civil Code article 2323 mandates a finding of fact that the jury did not find: that the First Responders were exonerated. Louisiana Civil Code article 2323 provides:

> A. In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

Here, the jury was not asked to quantify the fault of the First Responders. The First Responders were not listed on the verdict form in Connie Marable's suit, which asked the jury to apportion fault among DTNA, Wayne Marable, Empire Truck Sales (and/or its employees), and KLLM Transport Services. The judgment apportioned fault as follows: DTNA, 90%, Wayne Marable, 10%, Empire Truck Sales of Louisiana, LLC, 0%, and KLLM Transport Services, LLC, 0%. Thus, the liability of the First Responders was neither considered nor adjudicated, and cannot be the basis for concluding that they were exonerated.[2]

---

[2] In addition, First Responders (emergency medical services practitioners), are in certain instances immune to civil suit except for intentional harmful or grossly negligent acts. *See* LA.

In considering the preclusive effect of a judgment based on Civil Code article 2323, the court in <u>Williams v. City of Marksville</u>, 839 So. 2d 1129 (La. Ct. App. 3rd Cir. 2003), sustained the exception of res judicata, finding plaintiff's suit against the City of Marksville was barred because a prior judgment, involving the same parties and occurrence, did not adjudicate fault to the City of Marksville pursuant to article 2323, and the plaintiff did not appeal the allocation of fault. <u>Williams</u> is distinguishable, however, because there was an identity of parties in both suits, and plaintiff specifically pleaded the City's liability pursuant to Civil Code article 2323 as an affirmative defense to her own potential liability. Therefore, the City's liability was actually litigated, although the City was not listed on the verdict form.[3]

Defendants rely on <u>Sellers v. Seligman</u>, 496 So. 2d 1154 (La. Ct. App. 4th Cir. 1986). In <u>Sellers</u>, the decedent filed suit against four manufacturers to recover damages for injuries suffered as a result of having contracted silicosis while working as a sandblaster/painter. A jury found in favor of the manufacturers. Following the decedent's death, his surviving children filed a wrongful death suit against the same four manufacturers. The trial court dismissed the suit finding that the claim had been previously litigated. In affirming, the court of appeal held that:

> We find, however, that article 2315 does not provide a right to a beneficiary's survival action when the decedent fully litigated and lost an action arising from the

---

REV. STAT. 40:1133.13(A). Adopting the theory advanced by defendants, the court would have to find that not only were the First Responders exonerated by the operation of article 2323, but also that the operation of article 2323 resolved by implication the question of whether this heightened standard applied and whether it was met.

[3]The verdict form in <u>Williams</u> did not ask the jury to apportion fault as a percentage at all, but rather to "indicate . . . the [dollar] amount to which plaintiffs have proven by a preponderance of the evidence to be entitled as compensation for their injuries."

7

> same alleged tort. . . . The trial court recognized that the beneficiaries of the decedent can have no greater rights against the defendant than the decedent himself, Callais v. Allstate Insurance Co., 334 So.2d 692 (La.1975); therefore, since there was no offense, since the defendants were exonerated, there is no wrongful death action available to the survivors under article 2315.

Sellers, 496 So. 2d at 1156.

Sellers is distinguishable in that it addresses the situation in which the decedent's claim was (1) fully litigated; and (2) there was a finding of no liability. Here, no claims against the First Responders were litigated and there was not a finding of no liability. The jury apportioned fault among those potential tortfeasors it was asked to consider, which did not include the First Responders. The jury was not called upon to quantify the fault of non-parties. "Sellers merely stands for the proposition that a wrongful death action cannot be brought by the heirs if the same facts are judicially adjudicated in a prior claim in the survival action. Notwithstanding the comments of the [Sellers] court, underlying the result in Sellers was the notion of issue preclusion." Touchstone v. Land & Marine Applicators, Coating Specialists, 1986 WL 12198, at *3 (E.D. La. Oct. 30, 1986). In the present case, the First Responders' liability was neither considered nor adjudicated in the prior suit.

Similarly, defendants rely on Crowder v. American Eagle Airlines, 118 F. App'x 833, 838-39 (5th Cir. 2004). In Crowder, an unpublished opinion, the court relied on Sellers while at the same time citing a subsequent Louisiana Supreme Court case which contained language that could be interpreted to undermine Sellers, specifically Walls v. Am. Optical Corp., 740 So. 2d 1262 (La.1999). "The Walls court stated that 'the wrongful death action is an independent and distinct action that arises even in the absence of a viable personal injury action by the direct tort

8

victim and compensates the beneficiaries for their own individual injury arising out of the victim's death.'" Crowder, 118 F. App'x at 839 (quoting Walls, 740 So. 2d at 1274). However, the Crowder court ultimately concluded that "[w]hen read in context, though, the better interpretation of Walls and a subsequent Louisiana court of appeals [sic] case is that *procedural bars* to a decedent's claim do not extinguish a wrongful death action because they arise at different times and address different injuries; but that Walls cannot be read to establish the same rule for the substantive issue of *liability*." 118 F. App'x at 839 (emphasis in original). "Thus, issues of liability that are decided against a decedent are final as to issues of liability in a subsequent wrongful death action. . . ." Id. In this case, because the issue of the First Responders' liability was not decided in the prior action, there is no bar to a suit against the First Responders.

### 2. *Res judicata is inapplicable in this case.*

While defendants eschew the term "res judicata," as noted in Touchstone (discussing Sellers), underlying their argument is the notion of issue preclusion. Thus, defendants are in fact invoking res judicata, arguing that the operation of article 2323 impliedly adjudged the First Responders not liable, and subsequent forums are therefore precluded from litigating their fault.

"In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment." Weaver v. Tex. Capital Bank N.A., 660 F.3d 900, 906 (5th Cir. 2011) (citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985) (other citations omitted)). Thus, the Louisiana law of preclusion, or res judicata, applies in this case. Louisiana's res judicata provision states:

> Except as otherwise provided by law, a valid and final judgment is conclusive

9

between the same parties, except on appeal or other direct review, to the following extent:

> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

La. Rev. Stat. 13:4231.

Louisiana's Supreme Court has interpreted this provision to require five elements for res judicata to apply: (1) the prior judgment is valid; (2) the prior judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Chevron U.S.A., Inc. v. State, 993 So.2d 187, 194 (La. 2008)(citing Burguieres v. Pollingue, 843 So.2d 1049, 1053 (La. 2003).

Applying the foregoing, it is clear that plaintiffs' suit against the First Responders is not barred by res judicata (issue preclusion). The parties are not the same, and the cause of action sued upon did not exist at the time of the final judgment in the first litigation. Accordingly, res judicata (issue preclusion) does not apply.

### 3. *Connie Marable could not and did not waive plaintiffs' claims.*

Finally, defendants argue that because Connie Marable could have, but did not, sue the First Responders, the beneficiaries are barred from doing so. In so arguing, they cite to Davis v. Teleflex, Inc., 137 Fed. App'x. 714 (5th Cir. 2005), and Hall v. Elkins Sinn, Inc., 102 Fed. App'x. 846 (5th Cir. 2004), for the premise that under Louisiana law, a plaintiff must assert all causes of action that arise out the same factual transaction or occurrence in the same lawsuit, and that failure to assert a claim before final judgment amounts to a waiver and loss of that claim. The Louisiana Code of Civil Procedure provides that "[a] party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." LA. CODE CIV. PROC. art. 425(A).

This is essentially a claim preclusion argument, that plaintiffs are precluded from litigating a matter that could have been raised in the first action but was not. However, the fact is that the wrongful death claims against the First Responders could not have been raised by Connie Marable. Additionally, there is no identity of parties, and the cause of action in the present case did not exist at the time of the final judgment in Connie Marable's state law negligence suit.

### 4. *Attorneys' Fees*

Plaintiffs have requested an award of attorneys' fees, in response to what they characterize as an improvident removal. In remanding a case, costs may be imposed against the removing party or parties. 28 U.S.C.A. § 1447(c). The awarding of actual expenses, including attorney fees lies with the discretion of the court, to be exercised based on the nature of the

11

removal and the nature of the remand. Considering the facts of this case, the court declines to make an award of attorney's fees.

## CONCLUSION

The liability of the First Responders to the plaintiffs remains an open question. The issue was not previously adjudicated in Connie Marable's personal injury suit. Accordingly, a reasonable basis exists for a finding of liability on the part of the First Responders, who are Louisiana residents, for the wrongful death claims of plaintiffs. Complete diversity of the proper parties is thus not present. Therefore,

**IT IS HEREBY ORDERED** that the **Motion to Remand** filed by plaintiffs, William "Bill" Jones, IV, Engelique Jones, and the Succession of Connie Marable (Rec. Doc. 7), and the **Motion to Remand** filed by plaintiff, Wayne Marable (Rec. Doc. 9), are **GRANTED**, and these consolidated matters are hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this 22nd day of August, 2019.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**